IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBT RELIEF NETWORK, INC.,          :
     Plaintiff                         :
                                       :
     v.                                :          Civil No. AMD 04-3348
                                       :
PHILLIP J. FEWSTER, et al.,         :
     Defendants                        :
                                       :
               ...o0o...

MEMORANDUM OPINION

In this diversity action, plaintiff, Debt Relief Network, Inc., filed a complaint against

defendants Phillip J. Fewster, Jr., Esq., US Law Group (Fewster's law firm), Debt Shield,

Inc., Compass Financial Solutions, Inc., and Phillip Fewster, Inc., alleging claims for fraud,

negligent misrepresentation, misappropriation of trade secrets, breach of contract, and

related, similar claims. The gravamen of all the claims is that Fewster, a former employee

and former counsel to plaintiff, misappropriated certain proprietary intellectual property of

plaintiff, and then opened competing businesses.

Defendants Phillip Fewster, Inc., U.S. Law Group, and Compass Financial Solutions,

Inc. (referred to jointly as "the personal jurisdiction movants"), have moved to dismiss for

lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). In addition, all defendants

have moved to dismiss the claims for fraud and negligent misrepresentation pursuant to

Fed.R.Civ.P. 12(b)(6) for failure to plead fraud with particularity as required by Fed.R.Civ.P.

9(b). The issues are fully briefed and no hearing is needed. For the reasons set forth herein,

the challenge to personal jurisdiction shall be sustained, but the motion to dismiss the

intentional and negligent misrepresentation claims shall be denied.

I.

Plaintiff is a California corporation with its principal place of business in San Diego. Plaintiff identifies itself as a consumer rights advocate dedicated to protecting and relieving people in legitimate financial hardship of the pressures of burdensome debt. Over the years, it has invested substantial amounts to develop proprietary and confidential business plans, contacts, vendor and customer lists, and methods of doing business that provide it with a significant competitive advantage. Defendant Fewster is an attorney licensed in California, residing in (but presumably not practicing law in) Maryland, and formerly employed by plaintiff. Defendant US Law Group is Fewster's law firm and is registered in California. Defendant Debt Shield, Inc., is a Maryland corporation. Defendant Phillip J. Fewster, Inc., is a California corporation. Defendant Compass Financial Solutions, Inc., is a Florida corporation.

Plaintiff alleges that, in willful violation of Fewster's fiduciary duties as counsel to plaintiff and in violation of a confidentiality/non-compete agreement executed by Fewster during his employment, Fewster used the client confidences and secrets that he obtained as an attorney to plaintiff to open competing businesses, which, allegedly, he operates through one or more of the corporate defendants. Additionally, Fewster has sold or marketed plaintiff's proprietary and trade secret information to other debt settlement and management companies for "large profits."

II.

Plaintiff apparently concedes that the only basis on which this court might assert personal jurisdiction over the personal jurisdiction movants, which are all corporate entities with no evident contacts with Maryland, is to attribute Fewster's *domicile* and/or Fewster's *activities* in Maryland (which are not described in the complaint) to them. In other words, plaintiff asserts that Fewster is the "alter ego" of all of the defendant companies, and that this court should "pierce the corporate veil" and exercise jurisdiction over the out-of-state corporations. The personal jurisdiction movants deny that such a theory can justify the exercise of personal jurisdiction over them under Maryland law or consistently with due process limitations on personal jurisdiction over non-forum parties. *See generally Mitrano v. Hawes,* 377 F.3d 402, 406 (4th Cir.2004)("To establish personal jurisdiction over a nonresident defendant through a state long arm statute, a court must first determine that jurisdiction is authorized by state law. *See Ellicott Mach. Corp. v. John Holland Party Ltd.,* 995 F.2d 474, 477 (4th Cir.1993). If it is, the court must next decide whether exercise of personal jurisdiction would be consistent with due process. *See English & Smith v. Metzger,* 901 F.2d 36, 38 (4th Cir.1990).").

I agree with the personal jurisdiction movants that plaintiff has attempted, unconvincingly, to turn settled personal jurisdiction jurisprudence on its head. It is sometimes the case that a court will "pierce the corporate veil" and attribute a corporation's contacts with the forum state to a shareholder or other individual, or to another corporation.

*E.g., Botwinick v. Credit Exch., Inc.*, 419 Pa. 65, 213 A.2d 349, 354 (1965)("[I]f the record demonstrates that the subsidiary is the 'alter ego' of the parent to the extent that domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent . . . [then] the parent corporation may be held to be doing business within the state under the facade of the subsidiary."); *see also* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1069.4 (3d ed. 2002) ("[I]f the corporation is not a viable one and the individuals are in fact conducting personal activities and using the corporate form as a shield, a federal court may pierce the corporate veil and permit the assertion of personal jurisdiction over the individuals."). But it is also true that "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 218 (5th Cir. 2000) (quoting *Hargrave v. Fibreboard Corp.,* 710 F.2d 1154, 1159 (5th Cir. 1983)). Of course, Fewster is in no sense a "subsidiary" of, or under the control of, the personal jurisdiction movants; he is merely a domiciliary of Maryland.

Manifestly, what plaintiff seeks here is an application of law that would fall far outside settled principles. Plaintiff contends that this court might exercise personal jurisdiction over an *out-of-state corporation* solely because *a shareholder or officer* resides in the forum. Plaintiff has cited no case, applying Maryland law or otherwise, that has so

held. Although plaintiff has denominated its theory as one based on the concepts of "alter ego" and "veil piercing," in fact, plaintiff is in effect asking the court to treat Fewster as *the agent for service of process* on the personal jurisdiction movants. The court declines to do so. Plaintiff bemoans the fact that if this court declines to exercise personal jurisdiction over the personal jurisdiction movants, it will be required to institute multiple suits in several jurisdictions, which, according to plaintiff, would amount to an inequity. That, of course, is a function of our federal system and the ordered arrangements long known and accepted under our notion of due process. Accordingly, the motion to dismiss for lack of personal jurisdiction shall be granted.

III.

Viewed in the light most favorable to plaintiff, the allegations supporting the intentional and negligent misrepresentation claims may be understood to include the following:

> (1)    Fewster was employed as a non-attorney by plaintiff and subsequently, he commenced employment as an attorney, during which he impliedly represented to plaintiff that he would conduct himself with integrity and consonant with the fiduciary duties any attorney owes to a client, and accordingly, he was afforded access to certain proprietary information, procedures, program documents, and other trade secrets of plaintiff in the course of his employment as an attorney;
>
> (2)    Fewster willfully misappropriated trade secrets and other proprietary information and made use of that information to engage in a competing business and to market such trade secret information to other competitors;
>
> (3)    Fewster induced a named colleague and fellow employee of plaintiff to terminate his employment and to work for Fewster; and
>
> (4)    Plaintiff would not have retained the services of Fewster as an

attorney but for its belief that he would maintain the security of its trade secret and proprietary information consistently with his duties as an attorney.

As is well known, Rule 9(b) requires that fraud claims be alleged with "particularity."

*Harrison v.Westinghouse Savannah River Co*., 176 F.3d 776, 784 (4th Cir.1999):

> According to two noted scholars, the "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990). *See also Lasercomb America, Inc. v. Reynolds,* 911 F.2d 970, 980 (4th Cir.1990); *In re Cryomedical Sciences, Inc. Securities Litigation,* 884 F.Supp. 1001, 1012-13 (D.Md.1995); *In re Medimmune, Inc. Securities Litigation,* 873 F.Supp. 953, 964-69 (D.Md.1995). Mere allegations of "fraud by hindsight" will not satisfy the requirements of Rule 9(b). *Hillson Partners Ltd. Partnership v. Adage, Inc.,* 42 F.3d 204, 209 (4th Cir.1994). The second sentence of Rule 9(b) allows conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive. *See* 5 Wright and Miller §§ 1297, at 612.
>
> > Rule 9(b) has four purposes:
> >
> > > First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . . Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.
> >
> > *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.,* 755 F.Supp. 1055, 1056-57 (S.D.Ga.1990). *A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.*

*Id.* (footnote omitted; italics added).

With the above standards in mind, although it is a close case, I am satisfied that

plaintiff has set forth, with the requisite particularity, the circumstances of the fraud alleged

against Fewster. The "time" (i.e., during his employment as an attorney), "place" (i.e., the workplace), and the "contents" (i.e., implied representations that he would conduct himself in accordance with long-settled duties imposed on an attorney in safeguarding his client's confidences, including the client's trade secrets) of the fraudulent representations are adequately set forth under the circumstances of this case. In short, I am satisfied "(1) that the defendant has been made aware of the particular circumstances for which [he] will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id.*

IV.

For the reasons set forth above, the motion to dismiss for lack of personal jurisdiction shall be granted; the motion to dismiss for failure to state a claim shall be denied. An order follows.


Filed: May 5, 2005                              _____/s/_____
                                                ANDRE M. DAVIS
                                                UNITED  STATES  DISTRICT  JUDGE